## JOHNSON *v.* CITY OF NEW YORK.

*(Supreme Court, General Term, First Department. May 18, 1888.)*

1. MUNICIPAL CORPORATIONS — CONTRACT TO GRADE AND IMPROVE STREETS — TIME OF FINAL PAYMENT.
   The contract under which plaintiff graded, paved, and improved certain streets and avenues, provided that, until the time of the final payment of any or all moneys retained under its stipulations, the plaintiff should replace any tree dead, or showing signs of weakness. It also provided that defendant retain a specified portion of the moneys payable to plaintiff for a period of six months, and expend it in the manner provided in making necessary repairs. The balance of the money payable to plaintiff should be paid to him on or before 30 days from the completion of the contract. *Held,* that the liability of plaintiff to replace dead and weak trees extended to the expiration of six months after the acceptance of the work.

2. TRIAL—EVIDENCE—PROOF OF DAMAGES.
   Defendants' evidence, offered for the purpose of showing non-performance by plaintiff of one of the conditions of the contract, having been excluded on the ground that the matter arose after the expiration of the time for which the contract provided, plaintiff cannot, on appeal, avail himself of the objection that there was no proof of the amount of damage resulting from such non-performance.

Appeal from circuit court, New York county.

Action by Leonard W. Johnson against the mayor, aldermen, and commonalty of the city of New York, to recover balance due on contract. Verdict and judgment for plaintiff, from which defendant appeals.

Argued before VAN BRUNT, P. J., and BARTLETT and MACOMBER, JJ.

*J. J. Townsend, Jr.,* for appellant. *L. S. Kellogg,* for respondent.

VAN BRUNT, P. J. The plaintiff in this action entered into a contract with the defendant for the regulating, grading, and paving of certain avenues and streets in the city of New York, and providing tree spaces, planting shade trees, setting curb-stones, laying cross-walks, and flagging cross-walks therein. By the terms of said contract it was provided that the contractor would be required to have his trees accepted as satisfactory before setting them out, and to replace any tree dead, or showing signs of weakness, until the time of the final payment of any or all moneys retained under any of the provisions or stipulations of the contract. It was also provided that the defendant might retain out of the moneys payable to the contractor, under the agreement, a sum of 25 cents per lineal foot of the work done, and might expend the same, in the manner provided by the contract, in making such repairs to the work done under this agreement as the commissioner of public works might deem necessary. This money was to be retained for six months, and was to be paid over at the expiration thereof, provided that the work should be in good order, or as soon thereafter as the said work should have been put in good order to the satisfaction of said commissioner. It was also provided that the defendant should pay in cash, on or before 30 days from the time of the completion of the work, and the acceptance of the same by the commissioner, the whole of the moneys accruing to the plaintiff under the agreement, except such sum or sums as might be lawfully retained under any of the provisions therein contained for that purpose. The defendants set up that, within six months from the completion of the work, some of the trees furnished under the contract either died, or showed signs of weakness, and that the contractor had wholly failed to replace them, as required by his contract. Upon the trial of the action the defendant offered evidence to substantiate the defense contained in the answer in regard to the condition of the trees, and to show what such condition was prior to the 20th of July, 1885; that date being six months after the acceptance of the work by the properly constituted authorities. This evidence was objected to on the ground that the contract required the contractor to replace the trees only up to the time of the final payment, and that time was January 20, 1885. The court sustained the objection, and excluded the evidence.

This seems to have been clearly error. Whatever the payment made within 30 days after the acceptance of the work by commissioner of public works may be called, it certainly is not a final payment under the contract in question, because, accepting the ordinary definition of the word "final," viz., last, the 25 cents per lineal foot, retained as security for repairs, is evidently the last or final payment. But, in view of the language of the contract under consideration, there is no necessity to resort to any definitions in order to show that the obligation to replace any tree dead, or showing signs of weakness, extended certainly to the six months during which the city might retain the 25 cents per lineal foot of the work done as security for repairs. Money which has not become due under a contract according to its terms cannot be said to be retained by the party who is obligated to pay the same upon the completion of the work; and the use of the word "retained," in the clause in reference to the guaranty as to the trees, evidently refers to money other than that which becomes payable pursuant to the terms of the contract upon its completion. The 25 cents per lineal foot is spoken of as being retained by the corporation. By the terms of the contract, it has become due to the con-

tractor. But, by a separate stipulation in the contract, the defendant is allowed to retain that money, for a certain period of time, as security for the performance of certain obligations of the contractor arising subsequent to the completion and acceptance of the work. In the clause relating to the replacing of trees which had died, or had shown signs of weakness, that right upon the part of the city exists until the time of the final payment of any or all moneys retained under any of the provisions or stipulations of the contract. It is clear that this clause was intended to refer to moneys which might be retained by the defendants under the provisions of the contract. After the contract had been completed, the money was due; but the defendant had a right to retain some portion of the money which was due under the contract for particular purposes, and it is in reference to this fact that this clause evidently was worded. The obligation to replace dead or weak trees is not confined to the time when the money upon the contract should become due and payable to the contractor, but it is extended to the time of the payment of the moneys which have been retained under the provisions of the contract; and the money so retained was the 25 cents per lineal foot, which the defendant had the right to keep until six months after the completion of the contract.

The objection that there was no proof of amount of damage upon the part of the city hardly seems to need much comment. The court had excluded the evidence as to the fact of damage, upon the ground that it was immaterial, and, of course, would have made the same ruling when it was sought to prove the amount of such damage. The practice of offering evidence upon evidence, after a ruling has been made which necessarily excludes the whole of such evidence, certainly ought not to be encouraged. One exception to the exclusion of material evidence upon any branch of a case secures the rights of the party ruled against as completely as though there were 20. It would be a mere waste of the time of the court and jury, after the court had excluded the evidence as to the condition of these trees, to have attempted to prove how much the city had been damnified by reason of their damaged condition.

The judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

MACOMBER and BARTLETT, JJ., concur.